## CORSER v. BRATTLEBORO OVERALL CO.

(Circuit Court, D. Vermont. October 13, 1893.)

1. **PATENTS FOR INVENTIONS—INFRINGEMENT—PRELIMINARY INJUNCTION.**
   Where, in a suit for the infringement of a patent, it appears that the improvement is novel and useful, that the patent has been generally acquiesced in, and that the person who took the device to defendant, and uses it for him, used it formerly in the employ of the plaintiff, there is a sufficient presumption of validity to warrant the granting of a preliminary injunction.

2. **SAME—PRIOR USE OR KNOWLEDGE—HOW SHOWN.**
   The affidavit of a third person, stating merely that he showed the plaintiff how to make the improvement upon which his patent is based, does not show such prior knowledge or use as will defeat the patent, and hence it does not raise such a doubt as to defeat the motion for a preliminary injunction.

3. **SAME.**
   No. 372,062, for combined buckle and buttonhole of metal, having an offset forward to rest upon the upper edge of the button to prevent unbuttoning, presumed valid upon application for a preliminary injunction.

In Equity. On motion for preliminary injunction. Suit by Brackett G. Corser against the Brattleboro Overall Company for the infringement of plaintiff's patent. Motion granted.

E. L. Waterman, for orator.

Kittredge Haskins, for defendant.

WHEELER, District Judge. This suit is brought upon patent No. 372,062, dated October 25, 1887, and granted to the orator, for a combined buckle and buttonhole of metal, having an offset forward to rest upon the upper edge of the button to prevent unbuttoning, and has been heard upon a motion for a preliminary injunction. This improvement, although small, seems to be sufficiently novel and useful to support a patent. The defendant admits making use of the same thing. The patent alone would not warrant a preliminary injunction for this infringement; but the patent appears to have been acquiesced in generally, and to have been operated under, with the orator, by the person who took it to, and makes use of it for, the defendant. This adds sufficiently to the presumption of validity to warrant a preliminary injunction without any express adjudication of validity. The answer sets up prior knowledge and use of one Churchill, whose affidavit is produced, stating that he showed the orator "how to make an offset in the loop by bending the wires composing the loop," and that the offset of the patented articles "is the identical change suggested" by him. An answering affidavit of the orator states that Churchill's suggestion was of an inward bend of the wires, and not of this offset. This contradiction might raise sufficient doubt to defeat this motion if what Churchill says he did would defeat the patent. The conception of an invention is not making it; the embodiment of it is. The orator produced this invention; Churchill did not. According to his statement, as understood, he merely made a suggestion which, perhaps, forwarded it. This

idea would not be such prior knowledge or use as, within the statutes, would defeat a patent. Gayler v. Wilder, 10 How. 477; Coffin v. Ogden, 18 Wall. 120. Upon the undisputed facts of this case as it now stands, the orator seems to be entitled to the preventive relief of a preliminary injunction against the use of this offset in the metallic buttonhole of this patent. Motion granted.